## SOWLES *v.* WITTERS *et al.*

(*Circuit Court, D. Vermont.* .October 17, 1890.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION.
    A suit to recover property acquired by the removing defendant, as receiver of a national bank, by authority of the laws of the United States, arises under the laws of the United States, within the meaning of the removal act of 1888, (25 St. U. S. 434.)

2. SAME—TIME OF APPLICATION.
    Said act provides that the petition for removal shall be filed at or before the time the defendant is required to plead. A rule of the chancery court provided that the subpœna should require defendant's appearance on the first day of a stated term, and that he should answer within 40 days from the return-day, or the day fixed for entering appearance. A subpœna required the defendant to answer on the first day of the April term, but the suit was not entered until the last day of court. The next stated term began on the second Tuesday in September. *Held,* that a petition for removal filed September 4th was in apt time.

In Equity. On motion to remand. See 28 Fed. Rep. 121, 218.
*Edward A. Sowles,* for complainant.
*Chester W. Witters,* for defendants.

WHEELER, J. This suit was brought in the court of chancery of the state, was removed into this court on petition of the defendant receiver, and has been heard on motion of the oratrix to remand, because, as said, not arising under the constitution or laws of the United States, and removed out of time. The bill on its face shows the suit to be brought to recover property solely acquired by the removing defendant, as receiver of a national bank, under direction of the comptroller of the currency, by force of the laws of the United States, and that his defense must rest, if any he has, upon authority given by those laws. The words in the act of 1888 (25 St. 434) on which this question arises are the same as those of the act of 1875, (18 St. 470,) upon which *Tennessee* v. *Davis,* 100 U. S. 257, and *Railroad Co.* v. *Mississippi,* 102 U. S. 135, were decided. Those decisions seem to settle that when the acts complained of in a suit are done under a law of the United States, or the defense must rest upon such a law, the suit arises under the laws of the United States.

The act of 1888 provides for filing the petition for removal in the "state court, at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." The rules of the court of chancery of the state provide that every stated term shall be treated as continuing, though in recess, until the next stated term; that the subpœna shall require the appearance of the defendant on the first day of a stated term, or the bill will be taken as confessed; and that the defendant shall answer within 40 days from the return-day of the process, or the day fixed for entering an appearance. Rules, 1, 9, 24. The subpœna required the defendants to appear on the second Tuesday in April,—the first day of the April term. The petition was filed on the 4th day of September. The next stated

term began on the second Tuesday of September. If the suit had been entered on the first day of the April term, the petition would have been clearly too late. The petition, however, alleges that the suit was entered "out of time upon the last day of said court," and this is not controverted. The defendant could not enter an appearance in the suit until the suit itself was entered. The requirement to appear was in that suit. The mode of entering an appearance in that court is by writing the name of the defendant, if the defendant appears in person, or the name of the solicitor if the appearance is by solicitor, in the proper place upon the docket entry of the suit. If the suit was not there, the appearance would have no place. The requirement of the rule implies that the suit shall be entered before the defendant is defaulted. Under these circumstances, the earliest day on which the defendant was required to appear was the last day of the court, and perhaps not then without new notice such as the court should require on permitting the entry then of the suit. The day of entering the suit is not shown otherwise than by the allegation quoted, and can be inferred only from the rule, unless the fact that the court of chancery, on the filing of the petition and bond, ordered the removal of the suit, is to be taken as a finding that the filing of them was in time. The oratrix could not justly withhold entry of the suit, and insist that the time of the defendant to answer was at the same time expiring. An enlargement by the court of the time to answer might, and doubtless would, not enlarge the time for removal; but this removal does not appear to be within enlarged time merely, but within the first and only requirement of the rules. Motion denied.