SOWLES *v.* FIRST NAT. BANK OF ST. ALBANS.

*(Circuit Court, D. Vermont.* May 27, 1891.)

REMOVAL OF CAUSES—AGAINST NATIONAL BANK—RECEIVERSHIP.

A suit against a national bank to reach property held as a part of its assets by its receiver, appointed by the comptroller of the currency, arises under the laws of the United States, and may be removed from the state court into the federal court.

In Equity. On motion to remand.
*Edward A. Sowles, in pro. per.*
*Chester W. Witters,* for defendant.

WHEELER, J. This suit was brought in a court of chancery of the state against the bank to reach property held as a part of the assets of the bank by the receiver appointed by the comptroller of the currency. The subpœna ran to the bank, and did not name the receiver, but was served upon him, and a temporary injunction was granted which would reach him. He removed the cause into this court. The orator has moved to remand it to the state court, and that motion has now been heard. The orator insists that the suit is against the bank, and not against the receiver; and relies upon *Whittemore* v. *Bank,* 134 U. S. 527, 10 Sup. Ct. Rep. 592, to show that this court has no jurisdiction. In that case the bank was not in the hands of a receiver, but was *sui juris.* This bank is altogether in the hands of the receiver, and the decree sought, if it would reach anything, would reach assets of the bank in his hands. Although the bank, as an organization, is not extinguished, but is continued in existence for the purposes of being wound up, it has no control, as a bank, of any of its property interests, and cannot, apart from the receiver, be affected by a decree to reach them. The receiver is the real party in this behalf. He is an agent of the United States, and an officer thereof for this purpose. *Kennedy* v. *Gibson,* 8 Wall. 498. The assets in his hands belong to the United States for distribution among those entitled to them. *Hitz* v. *Jenks,* 123 U. S. 297, 8 Sup. Ct. Rep. 143. The jurisdiction of this court is not affected by the provisions of section 4 of the act of August 13, 1888, relating to suits for and against national banks, but is saved by them. 25 St. 436. The suit arises from the proceedings of the receiver, and under the laws of the United States, and appears to be removable. Motion denied.