HOT SPRINGS INDEPENDENT SCHOOL DIST. No. 10, OF FALL RIVER COUNTY, v. FIRST NAT. BANK OF HOT SPRINGS et al.

(Circuit Court, D. South Dakota, W. D. March 1, 1894.)

No. 80.

REMOVAL OF CAUSES—ACTION UNDER UNITED STATES LAWS—NATIONAL BANKS
A suit to compel the receiver of a national bank to pay to complainant certain assets of the bank in his hands is one arising under the laws of the United States, within the meaning of the acts of March 3, 1887, and August 13, 1888, in regard to the jurisdiction of the federal courts.

Suit by the Hot Springs Independent School District No. 10, of Fall River County, S. D., against the First National Bank of Hot Springs and Alvin Fox, receiver of said bank.

Martin & Mason and Anderson & Anderson, for complainant.
William R. Steele and Henry Frawley, for defendants.

SANBORN, Circuit Judge. This is a motion to remand this suit to the state court on the ground that it is not a suit "arising under the constitution or laws of the United States" under the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433; Supp. Rev. St. p. 612, § 2). This suit is brought to compel the receiver of this insolvent national bank to first pay to the complainant, out of the funds of the bank in his hands, several thousand dollars, before he pays any dividend to any creditors, on the ground that this receiver holds this sum of money as a trust fund for the complainant, and not as a part of the property of the bank, to be distributed among its creditors. Whatever funds and property this receiver has, he has received from this insolvent bank, and he holds them by virtue of the laws of the United States relative to the appointment and action of receivers of such banks. His defense to this suit, and to every suit brought against him as receiver, is based upon these laws of the United States under which he holds his appointment, and in accordance with which he must discharge the trust devolved upon him. In this suit he has interposed a demurrer to the plea of the complainant, and the question now at issue is, what construction shall be placed upon the provisions of the national banking laws with reference to the distribution of the funds of insolvent banks by receivers under the admitted facts of this case? I am clearly of the opinion that this case is one arising under the laws of the United States, and the motion to remand is denied. Sowles v. Witters, 43 Fed. 700; Sowles v. Bank, 46 Fed. 513; San Diego Co. v. California Nat. Bank, 52 Fed. 59.