BARTLEY, Treasurer, v. HAYDEN.

(Circuit Court, D. Nebraska. May 26, 1896.)

FEDERAL COURTS — JURISDICTION — SUIT AGAINST RECEIVER OF A NATIONAL BANK.

A suit, brought against the receiver of an insolvent national bank, as such, to establish a claim of the plaintiff as a depositor in the bank, is a case arising under the laws of the United States, of which the United States circuit court has jurisdiction, irrespective of the citizenship of the parties.

A. S. Churchill, for plaintiff.
Cobb & Harvey, for defendant.

SHIRAS, District Judge. From the averments of the amended petition it appears that the plaintiff was, in the year 1893, the treasurer of the state of Nebraska, and that on the 16th day of January, 1893, in his capacity of state treasurer, he deposited in the Capital National Bank of Lincoln, Neb., the sum of $285,357.85; that on the 21st of January, 1893, the said national bank failed and suspended business; that subsequently the present defendant, Kent K. Hayden, was appointed the receiver of said bank by the comptroller of the currency, the named bank being incorporated as a national bank under the provisions of the acts of congress of the United States, and as such receiver the defendant has assumed charge of the assets and affairs of said bank; that on the 11th day of May, 1893, and again on the 15th day of June, 1893, the plaintiff presented a duly-verified claim for said state funds to the said defendant as receiver, and asked that said claim be allowed as a valid claim, and entitled to share in the dividends paid from the assets of said insolvent bank; that said receiver refused to allow said claim. Based upon these alleged facts, the plaintiff prays that the claim may be established as against said receiver. To this petition the defendant demurs on the ground that the petition shows on its face that the court has not jurisdiction, and, furthermore, that the facts alleged do not show a cause of action.

As it is not averred that the plaintiff and defendant are citizens of different states, the jurisdiction of this court depends upon the question whether the action is one arising under the constitution or laws of the United States, within the meaning of the first clause of the act of congress of 1887, as amended by the act of 1888, which declares that the circuit courts of the United States shall have jurisdiction, concurrent with the courts of the state, in all cases at law or in equity, wherein the matter in dispute exceeds in value the sum of $2,000, exclusive of interest and costs, and arising under the constitution or laws of the United States. The defendant in the case is a receiver of a national bank, duly appointed by the comptroller of the currency. He is made the defendant in the suit because he is the receiver of the Capital National Bank, and any and all relief which the court can grant in the case is based upon the fact that he is such receiver, holding his position by virtue of the provisions of the laws of the United States; and, under the provisions thereof,

it is claimed by the plaintiff that he owes certain duties to the plain-
tiff as a creditor of the insolvent bank. It is certainly clear from
the allegations of the petition that the plaintiff bases his claim to
relief against the defendant upon the fact that the defendant is the
receiver of the Capital National Bank, and upon the duties and obli-
gations which, it is assumed, are created by the position occupied
by the defendant. The plaintiff could not proceed one step in the
case, nor ask any relief whatever, unless it is made to appear that the
defendant is in fact the receiver of the Capital National Bank duly
appointed to that position under the provisions of the laws of the
United States. The theory of the plaintiff's case is that it is the
duty of the defendant, as receiver of the insolvent bank, to allow
the claim of plaintiff as one of the debts provable in the matter of
the insolvent bank. What the duty of the defendant is, as the re-
ceiver, is a question which depends upon the laws of the United
States, which create the position and define the duties thereof.

Upon this question of jurisdiction, the point is, not whether the
plaintiff by the averment in his petition shows himself entitled to
relief against the defendant, but whether the petition shows that
the plaintiff in fact bases his claim for relief, whether the same be
well or ill founded, upon the provisions of the laws of the United
States. In the latter case jurisdiction exists in this court, even
though it may also appear that the plaintiff has failed to state a
cause of action against the defendant. In support of the demur-
rer it is argued that the real question in controversy is whether
the Capital National Bank was in fact indebted to the plaintiff, and
it is true that that question may be put in issue if the defendant an-
swers the petition; but proof alone of the fact of such indebtedness
would not make out plaintiff's case, nor entitle him to the relief
prayed for. As already said, the plaintiff bases his right to the re-
lief prayed for upon the ground that the defendant is the receiver
of a national bank, appointed to that position under the laws of the
United States, and the duty which the plaintiff seeks to enforce
against the defendant arises under the laws of the United States.

The principle recognized by the supreme court in the case of Bock
v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, is the one that is decisive
of the question now under consideration. In that case Bock sued
Perkins, Thrift, and Hopkins for the value of certain personal prop-
erty which he alleged the defendants had wrongfully taken from his
possession; the suit being brought in a state court. The defend-
ants petitioned for a removal of the case into the federal court, on
the ground that Perkins was the United States marshal for the
Northern district of Iowa, Thrift and Hopkins being his deputies;
that the goods in question had been seized by defendants in their
official capacity upon a writ of attachment issued from the United
States circuit court for the Northern district of Iowa, against H. P.
Lane. The real point in controversy, as clearly appears from the
report of the case, was whether the goods seized had passed by as-
signment to Bock, or whether the title thereto remained in Lane.
The supreme court held that the case was rightfully removed to the
federal court, because the application for removal showed that the

basis of the controversy was whether the marshal had properly performed his duty as an officer of the United States, a question depending upon the laws of the United States.    In the case now before the court, the plaintiff avers in his petition that the defendant is a receiver appointed under the laws of the United States, and in effect charges that, as receiver, the defendant has not performed the duty imposed upon him by the laws of the United States, in that he has refused to allow plaintiff's claim.    It thus appears that the case of the plaintiff, as it is made to appear upon the face of the petition, is one arising under the laws of the United States; and, as the amount involved exceeds $2,000, it is clear that the matter is one within the jurisdiction of this court.

It is further urged, in support of the demurrer, that the suit ought to be in equity and not at law, on the ground that a court of law cannot grant the relief sought.    The rule in federal courts is that the equitable jurisdiction cannot be invoked if an adequate remedy can be had at law, and there is nothing in the questions of fact involved in this case or in the character of the relief prayed for that disables a court of law from taking cognizance of the case.    The demurrer is overruled.