## STUDEBAKER CORPORATION OF AMERICA v. FIRST NAT. BANK OF FLORENCE, S. C., et al.

(District Court, E. D. South Carolina. January 30, 1926.)

**1. Courts ⊕⊃294—Action to establish preferred claim against insolvent national bank held within original jurisdiction of federal District Court, despite amount involved.**

Suit against insolvent national bank, its receiver, and a new bank to which its assets were sold, to establish a preferred claim against insolvent bank, *held* one to wind up affairs of a national banking association, within original jurisdiction of federal District Court, under Judicial Code, § 24, pars. 1, 16 (Comp. St. § 991), though amount involved was less than $3,000.

**2. Removal of causes ⊕⊃19(7)—Action to establish preferred claim against insolvent national bank held removable to federal court, despite amount involved.**

Action against insolvent national bank, its receiver, and a new bank which had purchased its assets, to establish a preferred claim, *held* subject to removal to federal courts under Judicial Code, § 28, as amended (Comp. St. § 1010), though less than $3,000 was involved.

**3. Courts ⊕⊃294—Removal of causes ⊕⊃19 (7)—Presence of banks as parties defendant in action against receiver of one of them, a national bank, held not to affect jurisdiction or right of removal.**

Where insolvent national bank and new bank which had purchased its assets were made parties defendant in action against receiver to establish a preferred claim, *held*, that their joinder did not affect jurisdiction of, or right of removal to, federal courts, under Judicial Code, § 24, pars. 1, 16, and section 28 (Comp. St. §§ 991, 1010).

At Law. Action by the Studebaker Corporation of America, against the First National Bank of Florence, S. C., and others. On motion to remand to state court after removal therefrom. Motion refused.

C. W. Muldrow, of Florence, S. C., for the motion.

Willcox & Hardee, of Florence, S. C., opposed.

ERNEST F. COCHRAN, District Judge. The plaintiff has made a motion to remand the above-entitled case to the state court. The facts which are essential to a proper understanding of the questions involved are

contained in the complaint and petition to remove, and are substantially as follows:

[1] The First National Bank *of* Florence, S. C., became insolvent, and a receiver was appointed by the Comptroller of the Currency, under the act of Congress (Comp. St. § 9826), for the purpose of winding up the affairs of the bank. A new bank was organized, under the name of the First National Bank *in* Florence, S. C. For convenience, the First National Bank *of* Florence will hereafter be referred to as the insolvent bank, and the First National Bank *in* Florence as the new bank. Upon petition by the receiver, an order of this court authorized the sale of certain assets of the insolvent bank to the new bank upon certain terms and conditions, and under that order the receiver sold the said assets to the new bank. By the terms of this order, the new bank was to pay all secured or preferred claims against the insolvent bank in full. The plaintiff presented to the receiver a demand against the insolvent bank, which it alleged to be a secured or preferred claim, but the receiver refused to allow it as such.

The plaintiff is a corporation under the laws of the state of New Jersey. There is no allegation in the record that the receiver, the defendant Ellerbe, is a nonresident of South Carolina. Both the insolvent bank and the new bank are national banking associations under the laws of the United States. The plaintiff, upon the refusal of the receiver to allow its demand as a preferred or secured claim, brought this action thereon in the state court against the insolvent bank, the defendant Ellerbe, as receiver thereof, and the new bank. The amount of the claim is less than $3,000. The new bank has no interest in the controversy, except that, in the event the plaintiff succeeds in establishing its demand as a secured or preferred claim, it will be required to pay the same under the contract entered into between it and the receiver, pursuant to the order of the court for the sale of the assets; but in that event it will be entitled, under the terms of that order, to reimburse itself from the assets and effects of the insolvent bank in the possession of the receiver for the amount so paid.

The defendants removed the cause to this court on the ground that the controversy arises under the laws of the United States and is a case for the winding up of the affairs of a national bank. The plaintiff made its motion to remand the case to the state court on the ground that the amount in controversy does not exceed $3,000.

The removal is sought under section 28 of the Judicial Code as amended (section 1010, Comp. St.), and it is conceded that the removal cannot be sustained unless the District Court would have had original jurisdiction of the cause. The first question, therefore, to be determined, is whether or not the District Court would have had original jurisdiction.

The case is clearly one arising under the laws of the United States. The receiver of a national bank, appointed by the Comptroller of the Currency, is charged by the laws of the United States with the execution of certain duties, in the performance of which he acts as an agent and officer of the United States. His office is created and his duties defined by an act of Congress. In contemplation of law, every action brought by or against him, in his official capacity, arises under the laws of the United States. McDonald v. Nebraska, 101 F. 171, 41 C. C. A. 278; Gilbert v. McNulta (C. C.) 96 F. 83; Sowles v. Witters (C. C.) 43 F. 700; St. Luke's Church v. Sowles (C. C.) 51 F. 609; Bartley v. Hayden (C. C.) 74 F. 913; Guarantee Co. v. Hanway, 104 F. 369, 44 C. C. A. 312.

By paragraph 1 of section 24 of the Judicial Code as amended (section 991, Comp. St.), District Courts are given jurisdiction of controversies which arise under the Constitution or laws of the United States, or treaties made or which shall be made under their authority. But the law expressly states as to this class of cases that the matter in controversy must exceed exclusive of interest and costs, the sum or value of $3,000. Although the case is one arising under the laws of the United States, nevertheless the amount in dispute does not exceed $3,000, and therefore the District Court would not have original jurisdiction under that paragraph of the statute.

But the proviso at the end of that paragraph states explicitly that the foregoing provision as to the sum or value of the matter in controversy shall not apply to the cases mentioned in the succeeding paragraphs of that section. A succeeding paragraph, viz. paragraph 16 of that section, gives the District Court original jurisdiction of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank. Inasmuch as the receiver in this case is a defendant, the original jurisdiction of the District Court could not be maintained under the

first part of this paragraph, because the first part refers only to cases commenced by the United States or by the direction of any officer thereof. But the paragraph gives the District Court jurisdiction also in "cases for winding up the affairs of any such bank," and in such cases the statute expressly declares that the provision as to the controversy exceeding $3,000 shall not apply.

Construing the whole section, my view is that Congress has given original jurisdiction to the District Court of all cases arising under the laws of the United States, and that, when this general clause is invoked, the matter in controversy must exceed $3,000, but that by paragraph 16 jurisdiction is given of a specific class of cases arising under the laws of the United States, to wit, cases for winding up the affairs of a National Bank, and in this specific class of cases the amount in controversy is immaterial. It has been held by the Supreme Court of the United States that an action against the receiver of a national bank is one to wind up the affairs of the bank. International Trust Co. v. Weeks, 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224.

The action in the case at bar is clearly a case for winding up the affairs of a national bank. It is a suit to take a certain sum from the fund realized from the collection and sale of the assets of the insolvent bank, in the process of winding up its affairs under the act of Congress, and to pay it to the plaintiff, instead of distributing it as provided by the acts of Congress. Guarantee Co. v. Hanway, 104 F. 369, 372, 44 C. C. A. 312; International Trust Co. v. Weeks, supra; Speckart v. German National Bank (C. C.) 85 F. 12; Rose's Fed. Jurisdiction and Procedure (2d Ed.) § 224. My conclusion is that the District Court would have had original jurisdiction of this cause.

[2] It remains, however, to be decided whether the case can be removed under the provisions of section 28 of the Judicial Code as amended. The authority to remove must be derived from either the first or second clauses of that section. The first clause gives to defendants the right of removal of "any suit of a civil nature at law or in equity arising under * * * the laws of the United States * * * of which the District Courts * * * are given original jurisdiction. * * *" By the second clause, "any other suit of a civil nature at law or in equity of which District Courts of the United States are given jurisdiction * * * may be removed * * * by the defendant or defendants therein, being nonresidents of

that state." Inasmuch as there is no allegation that the defendant receiver is a nonresident of the state of South Carolina, the case cannot be removed under this second clause of section 28 of the Judicial Code.

The removal, therefore, if sustained at all, must be sustained under the first clause as a case arising under the laws of the United States. The plaintiff contends that, inasmuch as in cases arising under the laws of the United States, the District Courts are given original jurisdiction only when the matter in controversy exceeds $3,000, and that a removal under this clause of section 28 of the Judicial Code must be only in cases exceeding that amount. The question is one not free from difficulty, but upon due consideration I have come to the conclusion that such was not the intent of Congress. When Congress provided, in section 28 of the Judicial Code as amended, that any suit arising under the laws of the United States might be removed, it did not qualify this clause by saying, as it did in section 24, paragraph 1, that the matter in dispute must exceed $3,000 but it was merely qualified by saying that the suit must be one of which the District Courts are given original jurisdiction. Therefore, under this first clause of section 28 as amended, all that is required is that the suit shall arise under the laws of the United States, and that original jurisdiction be given to the District Courts.

As I have already shown, the case at bar is clearly one arising under the laws of the United States, and therefore is removable, if the District Court would have had original jurisdiction, and, the case being one for the winding up of the affairs of a national bank, the District Court would have had jurisdiction under paragraph 16 of section 24 of the Judicial Code as amended, without regard to the amount in controversy. I conclude, therefore, that the present case, being one for the winding up of the affairs of a national bank, of which the District Courts are given original jurisdiction without regard to the amount and being also one arising under the laws of the United States, which may be removed under section 28 as amended, provided the District Court would have had original jurisdiction, it may be removed into this court, without regard to the amount in controversy.

The plaintiff relies upon the cases of Follett v. Tillinghast (C. C.) 82 F. 241, Smithson v. Hubbell (C. C.) 81 F. 593, and Hallam v. Tillinghast (C. C.) 75 F. 849. Those cases do hold that a case against the receiver of a national bank where the matter in dispute

is less than the jurisdictional amount, cannot be removed to the federal court. But in those cases the jurisdiction was sought to be sustained solely on the ground that there was a controversy arising under the laws of the United States, and not upon the additional ground that they were also cases for the winding up of the affairs of a national bank. Moreover, those cases were all decided before the decision of the Supreme Court in International Trust Co. v. Weeks, supra. That case squarely holds that an action brought against the receiver of a national bank is a case for the winding up of the affairs of a national bank, and is controlling here.

[3] It was conceded at the hearing that the presence of the insolvent bank and the new bank as parties to this action could not affect the question of original jurisdiction or the right of removal. Although by the last clause of paragraph 16 of section 24 of the Judicial Code as amended it is provided that national banks shall be deemed citizens of the state in which they are located, this provision applies only to "all other actions"—that is, all actions other than those provided for in paragraph 16—and therefore excludes cases for winding up the affairs of the bank. The removal is not sought to be sustained on the ground of diversity of citizenship. Moreover, the defendant banks are practically merely nominal parties; the real object of the action being to reach the assets of the insolvent bank in the hands of the receiver. The presence of the two banks as parties does not deprive this court of jurisdiction, and the concession to that effect was entirely proper.

It is therefore ordered, adjudged, and decreed that the motion to remand the above-entitled case to the state court be and the same is hereby refused.