## BELL v. KELLY et al.
### No. 344.

District Court, E. D. Illinois.
Dec. 30, 1931.

J. N. Moore, of Danville, Ill., for plaintiff.

Dyer & Dyer, of Hoopeston, Ill., for defendants.

LINDLEY, District Judge.

Under paragraph 16 of section 24 of the Judicial Code, 28 USCA § 41 (16), this court is given jurisdiction of all cases for winding up the affairs of any national banking association, irrespective of the amount involved or of citizenship of parties. Studebaker Corporation v. First National Bank et al. (D. C.) 10 F.(2d) 590. There can be no doubt that a suit against the receiver of such an institution comes within such classification, in view of the decision of the Supreme Court in International Trust Co. v. Weeks, 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224.

In the case first above cited, plaintiff sought to establish a prior claim as to certain of the assets of an insolvent bank which had passed to a third party. The court held that such third person was, in view of the statute cited, a proper party, subject to the jurisdiction of the court. In the case at bar, the plaintiff prays, inter alia, for relief whereby she may reach certain property formerly in the insolvent bank claimed by her to be her property and allegedly wrongfully transferred to a third person. The determination of the controverted questions involve and relate to the conduct of the insolvent bank's business, the disposition of certain of its assets, and the respective priorities of the receiver, the plaintiff, and other persons likewise claiming interest in or title to certain of the assets. Such a suit must be held to be within the category of suits for winding up the affairs of an insolvent banking association.

Furthermore, Equity Rule 37 (28 USCA § 723) recognizes the desirability of having all parties of interest before the court in the following provisions: "All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff." In view of the statute giving the court jurisdiction over such suits and the equity rule providing for the inclusion of parties claiming any interest in the subject-matter, it follows that the court has jurisdiction of the subject-matter and of all the parties for the complete determination of the issues.

Defendant contends that plaintiff may not maintain this present suit until, as a prerequisite, she has filed a claim with the receiver. While some courts have indicated that such is the law, I am of the opinion that the contrary is the better rule and that, if it is the true doctrine in some instances, it does not apply in the present case. Here the plaintiff seeks an accounting as to various items, a calculation and determination by the court of the amount due her, and priority as to certain items and not as to other items of alleged liability. It is apparent that the receiver and the plaintiff could not agree upon a claim to be filed and allowed. Only a court of competent jurisdiction could determine the contested issues. Other courts have taken the same view. See United States v. Barnes (D. C.) 51 F.(2d) 849; Schulenberg v. Norton (C. C. A.) 49 F.(2d) 578.

There remains one question, however, which is not so easily disposed of. The title to the asserted claim of plaintiff admittedly was originally in her mother, Mrs. Holland, who died, according to the averments of the bill, on or about the first day of October, 1930, intestate, leaving surviving as her only heir and next of kin, the plaintiff. No administration was had upon the estate. Under section 18 of chapter 3 of the Statutes of Illinois (Smith-Hurd Rev. St. 1929), it is provided that when heirs are residents of Illinois and the estate is solvent and there are no minors involved, if it is desired by

the parties in interest to settle the estate without administration, the law requiring administration shall not apply. Under this section, the Supreme Court of Illinois has said that administration is not necessary in order to pass the title to assets if the conditions provided in the pertinent part of the section noted apply. See Cotterell v. Coen, 246 Ill. 410, 92 N. E. 911; People v. Orendorff, 262 Ill. 246, 104 N. E. 656. However, it is necessary to show that there are no debts, or that they have been paid, and that the estate is solvent. The averments contained in the bill of complaint, as filed, do not show whether the estate of the deceased is solvent or insolvent, whether she had debts or not, or whether, if having such debts, they have been paid. In other words, the bill is lacking in the averments necessary to a showing of no need of administration and of passage of title to property of the intestate to plaintiff.

From the averments of the bill, it appears that after the death of the intestate, and prior to its dissolution, the officials of the bank recognized and treated with plaintiff as the legal owner of the assets involved. Such inference may or may not be warranted by the facts, and to constitute good pleading the bill should directly set up the same.

The motion to dismiss will be overruled except as to the contention of no showing of title in the plaintiff, and allowed upon that ground. Plaintiff, however, shall be allowed ten days within which to file an amendment to the bill meeting the defect mentioned.