## MOSS v. FURLONG et al.
### No. 7268.

Circuit Court of Appeals, Sixth Circuit.
Dec. 13, 1937.

HICKS, Circuit Judge.

The parties will be referred to as they appeared upon the record in the court below.

Suit in equity brought by William E. Moss, a broker doing business under the name and style of W. E. Moss & Co., against First National Bank-Detroit and its receiver, B. C. Schram, eighteen individuals, one corporation, and two sets of copartners, of whom the appellees here are one, to have declared null and void an assessment against him, except as to 165 shares, on account of his record ownership of 661 shares of the stock of Detroit Bankers Company (decreed by this court in Barbour v. Thomas, 86 F.2d 510, to be assessable as representing the actual ownership of the bank), or, in the alternative, if he should be held liable for and compelled to pay the assessment on these 496 shares, of which he claims not to be the owner, then that the customer-broker-defendants, with whom plaintiff trafficked in Detroit Banker's shares, be decreed to be *primarily* liable each for his proportionate share of the assessment, and that a decree be entered in favor of plaintiff and against them, as the true and beneficial owners of said shares, for the amounts that plaintiff should be required to pay.

The bill averred that at the time the bank closed the plaintiff had on deposit to his own credit $9291.10; that dividends of 70 per cent. were declared, of which he was paid 40 per cent.; that the remaining 30 per cent., $2787.33, was being withheld by the receiver to be applied on the assessment of the 661 shares; that this sum is more than sufficient to pay the assessment upon the 165 shares he actually owned, and that he is therefore entitled to a decree for the difference.

The bill sets out certain trading and margin transactions between plaintiff and defendants and other customers as a result of which plaintiff admits that he became the record owner of the 496 shares; but he avers that he is not the real owner thereof and is therefore not liable for the assessment thereon.

Plaintiff claimed that jurisdiction was conferred upon the District Court by the following portion of title 28, § 41, subd. (16), U.S.C. (28 U.S.C.A. § 41 (16), to wit: "Of all cases commenced by the United States, or by direction of any officer there-

Thomas B. Moore, of Detroit, Mich., for appellant.

George E. Brand, of Detroit, Mich., for appellees.

Before MOORMAN and HICKS, Circuit Judges, and FORD, District Judge.

of, against any national banking association, *and cases for winding up the affairs of any such bank."* (Italics ours.)

Defendant-appellees, copartners under the name and style of Paine, Webber & Co., appeared specially and moved to dismiss the bill as to them upon the ground that the court had no jurisdiction of the suit as to them by virtue of the above-quoted statute or otherwise.

■ The court sustained the motion and dismissed the bill as to defendant-appellees; hence this appeal. In determining whether its action was justified, we are confined to a consideration of the averments of the bill. Wm. F. Connolly, Receiver, etc., v. First Natl. Bank-Detroit, 86 F.2d 683, 685 (C.C.A.6) and cases there cited.

We may assume without deciding that the court had jurisdiction to entertain the bill as between plaintiff and the receiver in so far as it sought to have the assessment against plaintiff upon the 496 shares of stock set aside as illegal and void, for it seems that to such extent the bill had to do with the winding up of the affairs of the bank. See International Trust Co. v. Weeks, 203 U.S. 364, 366, 27 S.Ct. 69, 51 L.Ed. 224; Larabee Flour Mills v. First Natl. Bank, 13 F.2d 330 (C.C.A.8); Fleming v. Gamble, 37 F.2d 72 (C.C.A.10); Crum v. Patterson, 64 F.2d 263, 265 (C.C.A.3); Studebaker Corp. of America v. First Natl. Bank, 10 F.2d 590, 592 (D.C.); Moulton v. Natl. Farmers' Bank, 27 F.2d 403, 404 (D.C.); Bell v. Kelly, 54 F.2d 395 (D.C.).

■ But plaintiff sets up no right in himself to have the court decree liability against defendant-appellees for the whole or any part of the assessments made by the comptroller. He has no such right. Under the statute (tit. 12, § 192, U.S.C., 12 U.S.C.A. § 192) the right to enforce the assessments is vested alone in the receiver under the direction of the comptroller. Barbour v. Thomas, supra (C.C.A.) 86 F.2d 510, at page 518; see, also, Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 371, 79 L.Ed. 829, 96 A.L.R. 1457.

■ And certainly the court had no jurisdiction under the statute (tit. 28, § 41, subd. (16), U.S.C., 28 U.S.C.A. § 41 (16) to decree that defendant-appellees were primarily liable for any amounts of the assessment which plaintiff should be required to pay in their behalf with judgment over against them in his favor. Any liability, contractual or otherwise, that may exist between plaintiff and defendant-appellees, is no affair of the bank and cannot be adjudicated in a case for winding up *its* affairs.

■ It is urged that the court should take jurisdiction of the bill as a whole to avoid a multiplicity of suits. Equity Rule 26, 28 U.S.C.A. following section 723, provides that a plaintiff may, if there be more than one defendant, join different causes of action against all, where the causes of action are joint, or where sufficient grounds appear for uniting them to promote the convenient administration of justice.

This rule is inapplicable for several reasons. There is no joint cause of action against the bank and its receiver upon the one hand, and defendant-appellees upon the other, and an attempt to unite separate causes against each would not promote "the convenient administration of justice." It was the duty of the receiver speedily to "close up" the affairs of the bank (tit. 12, § 191, U.S.C., 12 U.S.C.A. § 191; Hulse v. Argetsinger (D.C.) 12 F.2d 933, 935) and to involve him in litigation with which he had no concern would tend to thwart the very purpose for which he was appointed.

■ Again, the bill alleges: That the plaintiff was a citizen of Michigan; that Wm. C. Roney & Co., one of the defendants therein, was a Michigan corporation; that three other defendants were citizens of Michigan; and that, of the fourteen defendant-appellees, three were residents and citizens of Michigan. In addition, the bill fails to show the value of the matter in controversy. Indeed, it asserts no original jurisdiction under title 28, § 41 (1), U.S.C. (28 U.S.C.A. § 41 (1), but relies wholly upon that portion of title 28, § 41, subd. (16), U.S.C. (28 U.S.C.A. § 41 (16), above quoted. Jurisdiction cannot be enlarged by uniting in one suit a cause of action over which we assume that the District Court has jurisdiction with another over which it has not. Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295.

The decree of the District Court is affirmed.