## SPELLMIRE et al. v. THIRD NAT. BANK OF PITTSBURGH et al.
### No. 173.

District Court, W. D. Pennsylvania.
April 18, 1940.

78

Campbell, Wick, Houck & Thomas and George D. Wick, all of Pittsburgh, Pa., for plaintiffs.

Hugh C. Boyle, of Pittsburgh, Pa., for Andrew B. Berger, receiver.

Rhea, Grubbs & Hay and Barton Grubbs, II, all of Pittsburgh, Pa., for defendant Harry Collom.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for defendant Herbert A. May.

John T. Duff, Jr., and Walter W. McVay, both of Pittsburgh, Pa., for defendant Warren I. Bickford.

GIBSON, District Judge.

The plaintiffs were stockholders of The Third National Bank of Pittsburgh, who, after assessment by the Comptroller, paid to the receiver the par value of the stock held by them. The defendants named in the complaint are The Third National Bank of Pittsburgh, Andrew B. Berger, its receiver, and a number of stockholders of the bank from whom collection has not been made of the Comptroller's assessment.

The collections of the receiver upon the assessments were sufficient to pay creditors and depositors and the expenses of administration, but were not enough to fully repay plaintiffs the amounts collected from them. The object of this suit is to compel non-paying stockholders to pay the assessments upon them, and so bring about a larger refund of the amounts paid by plaintiffs, or, in other words, to require each stockholder to pay his proportionate amount required from stockholders for the payment of the debts of the bank.

The receiver and certain of the stockholder defendants have moved to dismiss the complaint, alleging (1) that the complaint fails to state a claim against defendants upon which relief can be granted, (2) that the court lacks jurisdicion for the reason that facts are not set forth which present a question arising under the laws of the United States, and (3) that the court lacks jurisdiction for the reason that diversity of citizenship is not alleged in the complaint.

The first matter for consideration is that of jurisdiction.

Diversity of citizenship has not been, and cannot be, asserted, and therefore jurisdiction, if existent, must rest upon other basis.

The complaint does not set forth a claim of jurisdiction in any of the words of the statute defining the jurisdiction of this court, but alleges that jurisdiction is founded upon certain specified sections of the Revised Statutes and Acts of Congress.

Reading the jurisdiction statute into the pleading, the duty of the court is to determine whether the matter in controversy arises under the laws of the United States, or is a case for the winding up of the affairs of a national banking association.

In the original complaint the only relief asked from the receiver was a discovery, which the amended complaint shows has already been granted plaintiffs by him. By the amendment the receiver is alleged to have returned to a stockholder certain collateral which had been turned over to secure the payment of the comptroller's as—

sessment, but no amendment of the prayers of the complaint was requested in the petition for the amendment, and therefore no cause of action against him now appears in the present pleadings. Except that no action against the receiver seems to exist therein, the instant case presents certain points in common with Moss v. Furlong, 6 Cir., 93 F.2d 182, in respect to the matter of jurisdiction. In that case the plaintiff, a broker, filed his complaint in the District Court in Michigan, naming as defendants the receiver of a national bank and a number of individuals, residents of Michigan. The Comptroller had made an assessment against him as the owner of some 496 shares of stock of the closed bank. He declared that these shares were actually owned in varying amounts by the defendants other than the receiver, and prayed the court to declare the assessment against him null and void, or, in the alternative, if he should be compelled to pay the assessment, that each of said defendants should be decreed to be liable to plaintiff for his proportionate share of the assessment. Upon defendants' motion to dismiss the bill of complaint the plaintiff contended that the District Court had jurisdiction by reason of the case being one for winding up the affairs of a national banking association. The District Court dismissed the complaint against the alleged beneficial owners, and the Circuit Court of Appeals sustained the dismissal. The latter court held that no federal jurisdiction existed in respect to the said alleged owners, as the case was not one for the winding up of the affairs of the bank, and, also, that jurisdiction could not be obtained by joining a cause of action against the receiver, over which the court had jurisdiction, with another cause of action over which none existed.

The instant case and Moss v. Furlong, supra, differ somewhat in the facts disclosed, but each is a case in which the receiver was joined as a defendant with other residents of the District in which suit was brought in a controversy in which the bank had no interest; and each, consequently, does not present a case for the winding up of the affairs of a national bank.

■ In the complaint jurisdiction is claimed, inter alia, by a reference to Section 5220, R.S. (Tit. 12, Sec. 181, U.S.C.A.) and the Act of June 30, 1876, 19 Stat. 63. Section 5220 relates to a voluntary dissolution of a banking association, in which the

shareholders themselves appoint a liquidating agent. In such case creditors are given the right to enforce shareholders' liability by a creditors' bill. No claim to jurisdiction is to be founded in the instant case upon these statutes, as the present dissolution of the bank is an involuntary proceeding by the Comptroller, and, in addition, the plaintiffs are not such creditors of the bank as are contemplated by the Act of June 30, 1876, which considers only those who were creditors while the bank was in active operation. See Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; Falvey v. Foreman-State Nat. Bank, 7 Cir., 101 F.2d 409, 417.

■ It is apparent from plaintiffs' pleadings that neither the bank, which now has no power or duty in the liquidation, nor the receiver as agent of the Comptroller, has any interest in the subject-matter of the suit, and therefore the case cannot be considered as one for the winding up of the affairs of the bank. This being so, the next inquiry is whether the case is one which otherwise arises under the laws of the United States.

■ The claim of plaintiffs is not founded upon any federal statute, but upon the broad equitable principle that when parties stand in equali jure the law requires equality. Under this principle they contend that all stockholders of the bank should bear their proportionate share of the burden of the Comptroller's assessment. But while the claims of plaintiffs are so founded, the relationship of the stockholders to each other in respect to the Comptroller's assessment and the fund raised by it is to be determined by an interpretation of the National Bank statutes. This being so, the instant case is one arising under the laws of the United States, and this court has jurisdiction of it.

Jurisdiction assumed, the one matter for determination is raised by the defendant stockholders' motion to dismiss upon the ground that the complaint fails to state a claim upon which relief can be granted.

As originally drawn, the complaint is subject to some criticism. After reciting the payment of the assessment by plaintiffs and the non-payment by defendants, and also alleging that the receiver could not then proceed to collect assessments from the non-payment class because depositors had been fully paid, plaintiffs claimed the right of subrogation to the rights of the

receiver as they existed when collection had been made from plaintiffs. The complaint then alleges that the defendant stockholders were indebted to plaintiffs (all who paid the assessment) in the full amount of the assessments against said defendants, with interest from date of assessment by Comptroller, less a credit of 25% (amount refunded paying stockholders by receiver on August 2, 1938). Then followed prayers, inter alia, that judgment be entered against the non-paying stockholders in favor of plaintiffs for the amounts claimed and that the defendants be ordered to pay the amount of said judgments to the receiver, and that the receiver be ordered to distribute said amount to the stockholders entitled to receive the same.

The National Bank Act is a complete and exclusive system for the formation, operation and winding up of the affairs of national banking associations. The power of ordering and enforcing assessments has been given the Comptroller and his agent, the receiver, by that act, and is not to be grasped by others. Cook County Nat. Bank v. United States, 107 U.S., 445, 2 S.Ct. 561, 27 L.Ed. 537; Moss v. Furlong, 6 Cir., 93 F.2d 182. Plaintiffs are not entitled to that part of the relief prayed which is based upon their claim of the right to be subrogated to the powers of the receiver as they existed when the assessments were paid; and it follows that assessments upon the non-paying stockholders cannot be ordered by the court to be paid to the receiver for the benefit of those who have paid. The right of assessment ceased when the receiver thereby collected a sufficient fund to pay the creditors of the bank and administration expenses.

[6] But while subrogation is not available to plaintiffs, the right of contribution, in the opinion of the court, does exist. And this right plaintiffs claim by amendment of their complaint. Direct decisions to this effect in cases arising under the National Bank Act have not been cited to the court. In First Nat. Bank v. First Nat. Bank, D.C., 14 F.2d 129, the right of contribution is inferred, although not directly stated. The right, if it exists, must depend upon decisions upholding the broad equitable principle that persons who are equals in the duty of bearing a common burden may be compelled by their associates to bear their share of that burden. See Lex v. Sellway Steel Corp., 203 Iowa 792, 206 N.

W. 586; Putnam v. Misochi, 189 Mass. 421, 75 N.E. 956, 109 Am.St.Rep. 648, 4 Ann. Cas. 733.

As against the right of contribution claimed by plaintiffs it has been urged that the assessment liability of a shareholder of an insolvent national bank is an individual liability unrelated to that of other shareholders, and there being no joint responsibility among such shareholders under any act of Congress, no right of contribution exists. In support of this claim counsel for defendants has pointed to the change in the wording of Section 5151 (Act of 1864) by the Act of December 23, 1913, 38 Stat. 273, 12 U.S.C.A. § 63. By the original text shareholders were "held individually responsible, equally and ratably, and not one for another, for all contracts, debts * * * of such association [national banking]." By the Act of December 23, 1913, the words "equally and ratably" were omitted. This omission, it is claimed, shows the intention of the Congress to do away with any question of contribution.

We do not so interpret the omission. According to the practice under the Act of 1864, the shareholders of an insolvent bank were joined as defendants in a suit in equity. This practice tended strongly to delay collection of assessments and it was the intent to obviate this cumbersome procedure and delay and to facilitate collection of a fund to pay creditors, and not any desire to affect the relation between shareholders, which led the Congress to the omission.

As has been stated, supra, the plaintiffs have amended their complaint, inserting, inter alia, a declaration to the effect that the receiver had returned to a non-paying stockholder certain collateral which had been deposited to secure the assessment upon him. No amendment of the prayers of the complaint was made, but in the petition for the order to allow the amendment the court is asked to order the receiver to account to the plaintiffs for the value of the collateral released. This phase of the amendment introduces an element which is not germane to the main cause of action. If the complaint is to stand, it must do so as a bill for contribution; and certainly the plaintiffs cannot claim contribution from the receiver. If the receiver failed in his duty by returning the collateral after the collection of sufficient funds to pay creditors, and his failure led to the ultimate injury of plaintiffs, a

complaint therefor cannot be tacked on to a complaint whereby contribution is sought from shareholders.

The motion to dismiss on the part of The Third National Bank of Pittsburgh and of Andrew B. Berger, receiver, will be granted, and all other motions dismissed.