WICHITA NAT. BANK OF WICHITA et al. v. SMITH.

(Circuit Court of Appeals, Eighth Circuit. January 7, 1896.)

No. 687.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.
   A suit brought in a state court can be removed to a federal court on the ground of diverse citizenship only when the defendant is a nonresident of the state in which it is brought. Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371, followed.

2. SAME—NATIONAL BANK.
   A national bank cannot remove a suit upon the ground that it is a federal corporation.

3. SAME—FEDERAL QUESTION—COMPLAINT.
   A cause cannot be removed upon the ground that it involves a federal question unless that fact appears from the plaintiff's complaint.

In Error to the Circuit Court of the United States for the District of Kansas.

This action was brought in the district court of Sedgwick county, Kan., by Sylvester Smith, the defendant in error, against the Wichita National Bank, a banking association established under the laws of the United States, located at Wichita, in the state of Kansas, for the recovery of $5,000 damages for the alleged wrongful conversion of a mortgage coupon bond by the bank. The bank was duly served with a summons in the action on the 15th day of March, 1893, and filed its answer on the 11th day of April, 1894. On the 13th day of August, 1894, the bank became insolvent, and on the 5th day of September, 1894, W. N. Ewing was duly appointed receiver thereof by the comptroller of the currency. On December, 12, 1894, Ewing, as receiver of the bank, filed a motion in the state court to be made a defendant in the action, which motion was sustained, and thereupon, on the same day, the receiver filed a petition to remove the case into the circuit court. The petition for removal states that the plaintiff, Smith, is a citizen of Connecticut, and that the bank was a citizen of Kansas up to the time it passed into the hands of the receiver; that when the bank became insolvent the petitioner was appointed receiver thereof by the comptroller of the currency; that the matter in dispute in the suit "draws into question and comes properly under the" national banking act and other acts regarding the insolvency and winding up of national banks, and that the controversy is wholly between the receiver and the plaintiff in the action. The state court granted the removal. The circuit court overruled a motion to remand the case. There was a trial to a jury, and a verdict and judgment for the plaintiff, and the receiver sued out this writ of error.

Fred W. Bentley (David Smyth was with him on the brief), for plaintiffs in error.

Thomas G. Frost, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The removal of the case from the state to the federal court is attempted to be supported upon two grounds. The first contention is that the removal can be sustained upon the ground that the parties to the action are citizens of different states; but that is a ground of removal only where the defendant is a nonresident of the state in which the suit is brought. Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371. The bank could not remove the suit upon this ground for the reason that by the provision of section 4 of the act of congress of March 3, 1887 (24 Stat. 552, c. 373), as corrected by the act of August 13, 1888 (25 Stat. 433, c. 866), the bank, for all jurisdictional purposes, is a citizen of Kansas, in which state it is located. The appointment of a receiver for the bank did not dissolve the corporation. The bank still remained a proper party to the suit. There is nothing in the petition for removal or in the record showing the residence or citizenship of the receiver to be elsewhere than in Kansas. The suit was not, therefore, removable upon the ground of diverse citizenship.

It is next contended that the suit was properly removed upon the ground that it is one arising under the laws of the United States. Since the passage of the act of March 3, 1887, a national bank cannot remove a suit upon the ground that it is a federal corporation. The federal origin of the bank no longer affects in any way the jurisdic-

tion of suits by or against it. It has no greater or less right to remove a suit upon the ground that it arises under the constitution or laws of the United States than any citizen of the state in which the bank is located. Petri v. Bank, 142 U. S. 644, 12 Sup. Ct. 325; Burnham v. Bank, 10 U. S. App. 485, 3 C. C. A. 486, 53 Fed. 163; Dill. Rem. Causes (5th Ed.) § 107. And upon this record the receiver of the bank has no greater rights in this regard than the bank. In Railway Co. v. Shirley, 111 U. S. 358, 361, 4 Sup. Ct. 472, the court say "that a substituted party comes into a suit subject to all the disabilities of him whose place he takes so far as the right of removal is concerned." Burnham v. Bank, supra; Railway Co. v. Noyes' Adm'r, 21 U. S. App. 45, 8 C. C. A. 237, 59 Fed. 727. Moreover, the petition for removal does not show that any federal question is involved in the case, and the record shows that no such question is involved. But, if the petition for removal disclosed that the suit was one arising under the laws of the United States, it could not be removed by the defendant upon that ground unless that fact appeared from the plaintiff's complaint. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Postal Tel. Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192. The complaint does not show that the suit is one arising under the laws of the United States, but the contrary. The judgment of the circuit court is reversed, and the cause remanded, with directions to remand the same to the state court from whence it was removed. Ewing, the receiver, having wrongfully removed the case into the circuit court, must pay all the costs in that court as well as all costs that have accrued in this court.