### MILLER v. LE MARS NAT. BANK et al.

#### (Circuit Court, N. D. Iowa, W. D. June 23, 1902.)

1. REMOVAL OF CAUSES—CASES ARISING UNDER LAWS OF UNITED STATES—PARTIES TO PETITION.

Where removal of a cause is sought on the ground that the controversy is one arising under the constitution or laws of the United States, all the defendants must join in the application for removal.

2. SAME—FORMAL PARTIES—SUIT AGAINST BANK AND RECEIVER.

In a suit against a national bank and its receiver, to establish a preferred claim against the bank, on the ground of trust arising out of a transaction which took place prior to the receivership, the bank is not merely a nominal party to the record, but is in fact the principal party defendant, and its presence cannot be disregarded in proceedings for removal.

Suit brought in the district court of Plymouth county, Iowa, and thence removed into this court on petition of Thomas M. Thornton, receiver. On motion to remand.

McDuffie & Keenan and J. S. Lothrop, for complainant.
Milchrist & Scott, for defendant Thornton.

SHIRAS, District Judge. The question now before the court for consideration is that of jurisdiction, and it arises upon the following facts: On or about April 17, 1901, the Le Mars National Bank,

engaged in business at Le Mars, Iowa, becoming insolvent, was put in charge of Thomas M. Thornton, a receiver appointed by the comptroller of the currency. On January 27, 1902, the present suit in equity was brought in the district court of Plymouth county, Iowa, by the complainant, Elam Miller, against the bank and the receiver; it being averred in the petition that in March, 1901, one J. H. Carlton had sent a draft on the First National Bank of Chicago, Ill., for $2,664.83, to the Le Mars National Bank, with written instructions as follows: "Please find herein draft for $2,664.83, to be paid to E. Miller on delivery of deed of warranty, with all needful covenants, for north ½ of section 5," etc.,—it being further charged that the bank wrongfully collected the amount of draft, and, instead of paying over the same to the complainant when he became entitled thereto, the bank mingled the same with its own funds, and closed its doors without accounting therefor,—and a decree was asked declaring the amount due complainant to be a preferred claim and lien upon the assets of the bank in the hands of the receiver. In due time the receiver filed a petition for the removal of the case into this court, the bank not joining therein, and the order of removal was made. Upon the face of the record, it is shown that when the suit was brought in the state court, and ever since, the complainant, Elam Miller, and the receiver, Thomas M. Thornton, were and are citizens of the state of Iowa.

The first question that arises upon this condition of the record is whether the case could be rightfully removed on the petition of one of the defendants only. It being the fact that the complainant and the receiver are both citizens of the state of Iowa, and that the bank was organized and carried on business in Iowa, the right of removal cannot be rested upon the diversity of citizenship, nor upon the ground of a separable controversy existing between the complainant and the receiver, for they are citizens of the same state. The jurisdiction upon removal to this court must therefore be rested upon the claim that the suit is one arising under the laws of the United States, and, with respect to such cases, it is settled that all of the defendants, if there be more than one, must join in the petition for removal. Thus, in Railroad Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, in which the action was brought in the state court against the railway company, and also against Clark and others, who were receivers of the Union Pacific Company, and the receivers sought to remove the case to the federal court, it was said by the supreme court:

"Assuming that, as to the receivers, the case may be said to have arisen under the constitution and laws of the United States, the question is whether it was necessary for the Chicago, Rock Island & Pacific Railroad Company, defendant, to join in the application of its codefendants, the receivers of the Union Pacific Railway Company, to effect a removal to the circuit court. * * * There was no separable controversy here. The case presented a joint cause of action against all the defendants, and, indeed, the removal was applied for on the ground that the suit arose under the constitution and laws of the United States. It therefore came within the first clause of the section quoted, and, if the same rule governs proceedings under that clause that obtains in respect of the second clause, the judgment of the supreme court of Kansas must be affirmed. And, in view of the language of the statute, we

think the proper conclusion is that all the defendants must join in the application under either clause."

In Gableman v. Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, the facts were that Edward O. Hopkins had been appointed receiver, by the United States circuit court for the Southern district of Illinois, of the railway company, and, after he had taken charge of the affairs of the company, Gableman received injuries at a crossing in the state of Indiana, and brought suit to recover therefore against the railway company and the receiver in the state court, and the latter petitioned for a removal of the case on the ground that it arose under the laws of the United States, and it was held by the supreme court that "it has also been determined that when the application rests upon that ground, and there is more than one defendant, all the defendants must join. Railroad Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055." These cases are decisive of the rule that, in suits wherein a removal is sought on the ground that the controversy is one arising under the constitution or laws of the United States, all of the defendants must unite in the application for removal.

But it is suggested that the bank can be treated as a nominal party in this case, and that its presence in the suit can be disregarded when considering the right of removal. It is settled by the rulings of the supreme court in Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476, and First Nat. Bank of Bethel v. National Pahquioque Bank, 14 Wall. 383, 20 L. Ed. 840, that the appointment of a receiver for a national bank does not terminate the legal existence of the bank, and that, under the provisions of the 57th section of the act creating national banks (13 Stat. 99), suits may be brought against the bank, in the state courts, to establish claims against it, and, having this right to sue the bank, it cannot be held that the bank is merely a nominal party upon the record. In fact, the bank is the real and principal party to the controversy declared on in the bill herein filed. The transactions for which relief is sought took place before the appointment of the receiver, and the complainant has the right to seek a decree against the bank, and, therefore, in no just sense can it be said that the bank is a nominal party. Speckert v. Bank, 38 C. C. A. 682, 98 Fed. 151; Bank v. Smith, 19 C. C. A. 42, 72 Fed. 568.

The conclusion reached is that this court is without jurisdiction over the case, and the same must therefore be remanded to the state court, the costs of this court to be paid by the receiver.