## DROVERS' DEPOSIT NAT. BANK v. TICHENOR.

(District Court, E. D. Wisconsin. February 8, 1913.)

1. REMOVAL OF CAUSES (§ 45*)—DIVERSITY OF CITIZENSHIP—PARTIES ENTITLED TO REMOVE.

A cause is not removable from a state court under section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), on the ground of diversity of citizenship by a defendant who is a citizen and resident of the district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

2. REMOVAL OF CAUSES (§ 48*)—SEPARABLE CONTROVERSY—PARTIES ENTITLED TO REMOVE.

There can be no separable controversy which will authorize the removal of a cause under section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), where there is a single plaintiff and a single defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 94; Dec. Dig. § 48.*]

3. REMOVAL OF CAUSES (§ 45*)—SEPARABLE CONTROVERSY—PARTIES ENTITLED TO REMOVE.

Judicial Code (Act March 3, 1911, c. 231, § 28, cl. 3, 36 Stat. 1094 [U. S. Comp, St. Supp. 1911, p. 140]), authorizing the removal of a cause in which there is a controversy wholly between citizens of different states, contains by implication the restrictive provisions of clauses 2 and 4, requiring nonresidence of the defendant seeking the removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

At Law. Action by the Drovers' Deposit National Bank against M. H. Tichenor. On motion to remand to state court. Motion sustained.

See, also, 200 Fed. 318.

Miller, Mack & Fairchild, of Milwaukee, Wis., and N. W. Evans, of Oconomowoc, Wis., for plaintiff.

O'Bryan & Marshall, of Chicago, Ill., and McGee & Jeger, of Milwaukee, Wis., for defendant.

GEIGER, District Judge. [1] The plaintiff commenced this action in the circuit court of Waukesha county, in the Eastern district of Wisconsin; the defendant being a resident and citizen therein. Upon the application of the latter, the action was removed to this court, and was heard upon demurrer to the complaint, which was sustained. The plaintiff, leave being granted, amended its complaint, and now challenges the jurisdiction of the court upon a motion to remand, claiming that the suit was not removable because of the residence and citizenship of the defendant within the district. It seems clear that under section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]) the case was not removable. Martin v. Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602; Patch v. Wabash Railroad Co., 207 U. S. 277, 28 Sup. Ct. 80, 52 L. Ed. 204, 12 Ann. Cas. 518.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant, however, urges that removal was sought, and is sustainable under the third clause of such section, providing that in any suit in which "there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them—then either one or more of the defendants actually interested in such controversy may remove," etc.

To this, there are two answers, each as elementary and conclusive as the other:

[2] First. The clause relates to what are known as separable controversies. Counsel urges that because, upon the instrument of guaranty which is the basis of the single cause of action against the defendant, a like cause of action might exist against the defendant's co-signers who are not parties to the action, a separable controversy exists between the defendant and plaintiff. But this is fundamentally repugnant to the idea of a "separable controversy" in the removal of causes. Such controversy must arise upon the pleadings between one or more parties on the one side and one or more of several parties on the other; as distinguished from some other controversy also arising in the action upon the pleadings, between such party or parties on the one side and other additional parties on the other side. There can be no "separable controversy" in an action where there is a single plaintiff and a single defendant.

[3] Second. The clause contains by implication the restrictive provisions of clauses 2 and 4, respecting nonresidence of the defendant seeking to remove the cause. Thurber v. Miller, 67 Fed. 371, 14 C. C. A. 432; Wichita National Bank v. Smith, 72 Fed. 568, 19 C. C. A. 42.

The motion to remand is granted, and an order may be entered accordingly.