## MOULTON v. NATIONAL FARMERS' BANK OF OWATONNA, MINN., et al.

District Court, D. Minnesota, First Division.
July 2, 1928.

1. Removal of causes &⟶19(1)—Case arising under federal laws, nonremovable on complaint when commenced, cannot be made removable by evidence or court order on issue tried on merits (Jud. Code, § 28 [28 USCA § 71]).

The general rule is that a case arising under the laws of the United States, nonremovable on the complaint when commenced, cannot be converted into a removable one under Judicial Code, § 28 (28 USCA § 71), by evidence of defendant, or by an order of the court on an issue tried on the merits; but such conversion can only be accomplished by plaintiff's voluntary amendment of his pleadings, or where case is not reviewable because of joinder of defendants, by voluntary dismissal, or nonsuit by him of a party defendant.

2. Removal of causes &⟶89(2)—Application for removal should be denied, if case is not removable, or is not one of which federal court may assume jurisdiction.

If case is not removable from state to federal court, or is not one of which federal court may properly assume jurisdiction, defendants' application for removal should be denied.

3. Removal of causes &⟶19(7)—Action for money had and received against insolvent national bank and its receiver is removable to federal court; "for winding up affairs of bank" (Jud. Code, §§ 24, 28 [28 USCA § 41 (16), 71]).

An action for money had and received against an insolvent national bank and its receiver is a case "for winding up the affairs of a bank," within Judicial Code, § 24 (28 USCA § 41 [16]), which may be removed from state court to federal court on defendants' petition, under Judicial Code, § 28 (28 USCA § 71).

4. Removal of causes &⟶19(7)—Action by creditor of insolvent national bank without joining receiver is not removable to federal court; "for winding up affairs of a bank" (Jud. Code, § 28 [28 USCA § 71]).

Under Judicial Code, § 28 (28 USCA § 71), creditor of insolvent national bank has right to sue bank in state court without joining receiver, and such action is not removable, since suit, though one to establish existence and validity of claim against bank, is not case "for winding up the affairs of a bank," which it or the receiver may remove.

At Law. Action by E. C. Moulton against the National Farmers' Bank of Owatonna, Minn., and others. On defendants' application for an order enjoining any further proceedings in this cause in the district court for the Fifth judicial district, from which the defendants attempted to remove it to the federal District Court. Application denied.

Gallagher, Madden & Gallagher and Moonan & Moonan, all of Waseca, Minn., for plaintiff.

Meighen, Knudson & Sturtz, of Albert Lea, Minn., and Sawyer, Gausewitz & Lord, of Owatonna, Minn., for defendants.

JOHN B. SANBORN, District Judge. It appears that the defendant bank became insolvent September 8, 1926; that on September 10, 1926, Herbert E. Skinner was appointed its receiver by the Comptroller of the Currency and took over the assets. This action is for money had and received, and was commenced in the state district court subsequent to the appointment of the receiver, who was not made a party, but was served with a notice of the commencement of the action. The defendants, who are all residents of Minnesota, joined in petitions for the removal of the action to this court, on the ground that it is a case for the winding up of the affairs of a national bank, and arises under the Constitution and laws of the United States.

It appears that, after petitions for removal were filed, the clerk of the state district court filed the required transcripts with the clerk of this court, but that on April 23, 1928, the judge of the state court refused to approve the bonds on removal, and on the same day entered orders denying the applications of the defendants for an order approving the bonds, accepting the petition for removal, and removing the action to this court. Thereupon the defendants applied to this court for an order enjoining any further proceedings in this cause in the state court, and it is this application which is now under consideration.

[1] There is nothing which appears from the face of the complaint which indicates that any federal question is involved, but the defendants' theory is that this court will take judicial notice of the fact that the bank is in the hands of a receiver and that its affairs are being wound up. The general rule, as stated in Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 281, 38 S. Ct. 237, 239 (62), is as follows:

"It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable be-

cause of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or parties defendant. Kansas City, etc., Ry. Co. v. Herman, 187 U. S. 63 [23 S. Ct. 24, 47 L. Ed. 76]; Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206 [26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147]; Lathrop, Shea & Henwood Co. v. Interior Construction Co., 215 U. S. 246 [30 S. Ct. 76, 54 L. Ed. 177]; American Car & Foundry Co. v. Kettelhake, 236 U. S. 311 [35 S. Ct. 355, 59 L. Ed. 594]. The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion."

In Texas & Pacific Railway Co. v. Cody, 166 U. S. 606, 610, 17 S. Ct. 703, 705 (41 L. Ed. 1132) the plaintiff had alleged that the defendant was a private corporation, whereas it was a corporation created under the act of Congress, and the suit against it was therefore removable. The court said:

"If in this case plaintiff had simply described defendant by its name, without more, there would seem to be no question that, as the corporation was judicially known to be a federal corporation, defendant would be entitled to remove the case on proper allegations in its petition; and we think this necessarily follows, where, by some mistake, or otherwise, the defendant is erroneously stated to be created under state laws."

It seems, therefore, that if this suit against the defendants was, because of the insolvency of the defendant bank, one which they were entitled to remove, the failure or refusal of the plaintiff to allege that fact to prevent removal, could not defeat their right. In any event, for the purpose of this decision, the insolvency of the bank and the appointment of the receiver will be considered.

[2] The question as to whether proper practice would require that the case be removed to this court and the question of the right to remove determined on motion to remand

need not be considered. If the case is not removable, or if it is not one of which this court may properly assume jurisdiction, the application of the defendants should be denied.

Section 24 of the Judicial Code (section 41 (16) of title 28, 28 USCA) gives federal District Courts original jurisdiction of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank; and section 28 of the Judicial Code, providing for removal of suits from state courts, being section 71 of title 28, 28 USCA, provides that "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the District Courts of the United States are given original jurisdiction in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district."

[3] A suit such as this against both an insolvent national bank and its receiver is a case for winding up the affairs of a bank, which may be removed from a state court upon the petition of the defendants. Guarantee Co. of North Dakota v. Hanway (C. C. A.) 104 F. 369; International Trust Co. v. Weeks, 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224; Studebaker Corporation of America v. First Nat. Bank (D. C.) 10 F. (2d) 590; Larabee Flour Mills v. First Nat. Bank (C. C. A.) 13 F.(2d) 330.

In 1871, in the case of Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. Ed. 840, the Supreme Court held that a national bank does not lose its corporate existence upon the appointment of a receiver, and that it may be sued in any state court of competent jurisdiction, regardless of the receivership; that the decision by the receiver upon the validity of a claim is not final, but that a creditor may proceed afterwards to have the validity of the claim determined in a suit in a proper State court against the bank. The court said: "Claims presented by creditors may be proved before the Comptroller or may be established * * * in any court of competent jurisdiction" (page 401), "but the judgment, when recovered, will not give the creditor any lien on the property of the delinquent association, nor secure to the judgment creditor any preference over other creditors whose claims are proven before the receiver." See, also, National Bank of the Commonwealth v. Mechanics' Nat. Bank, 94 U. S. 437, 440, 24

L. Ed. 176; Allen v. United States (C. C. A.) 285 F. 678, 682.

In Earle v. Pennsylvania, 178 U. S. 449, 455, 20 S. Ct. 915, 917 (44 L. Ed. 1146) the court said: "The scheme of the statute relating to suspended national banks is that from the time of a bank's suspension all its assets, of whatever kind, as they are at the time of suspension, pass in the first instance, to the receiver, the proceeds thereof to be distributed by the Comptroller among those whose claims are proved to his satisfaction or are adjudicated by some court of competent jurisdiction;" and "as the bank did not cease to exist as a corporation upon its suspension and the appointment of a receiver, it was competent for the state court to determine, as between the plaintiff in the attachment and the bank, what rights were acquired by the former as against the latter by the service of the attachment; and its judgment, thus restricted, could have been brought to the attention of the Comptroller for his guidance in distributing the assets of the bank." It was held, however, that the state court could not order execution upon moneys in the custody of the receiver.

In Wichita Nat. Bank v. Smith (C. C. A. 8th Cir.) 72 F. 568, a receiver of a national bank attempted to remove a suit against the bank on the same grounds as are presented here. The receiver had come into the suit as a substituted party. The court denied the right of removal, pointing out, first, that the bank itself had no right of removal; that the receiver, a substituted party, had no greater rights; that, if the petition for removal disclosed that the suit was one arising under the laws of the United States, still it could not be removed unless that fact appeared from the plaintiff's complaint, citing Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511; Postal Telegraph Cable Co. v. Alabama, 155 U. S. 482, 15 S. Ct. 192, 39 L. Ed. 231.

In Denton v. Baker (C. C. A. 9th Cir.) 79 F. 189, it was held that an action to establish a claim against an insolvent bank might be brought in any court of competent jurisdiction against both the bank and the receiver, or against either the bank or the receiver, and that, if the suit is against the insolvent bank alone, it is binding upon the receiver unless there is fraud or collusion. In the opinion it is said that the situation is analogous to that of a suit brought against a debtor for the recovery of a debt after an assignment for the benefit of creditors; the determination of the existence and validity of the debt being binding on the trustee, although he may not be a party to the suit. It was also held that the receiver was not a necessary party to the action.

Speckert v. German Nat. Bank (C. C. A. 6th Cir.) 98 F. 151, was a case heard by Judges Taft, Lurton, and Day. The situation there presented was substantially that presented to the Circuit Court of Appeals of the Eighth Circuit in the Wichita Bank Case, supra. The receiver had been admitted as a party defendant in the state court and had succeeded in removing the case. The opinion by Judge Day pointed out that the Supreme Court had in Bank of Bethel v. Pahquioque Bank, supra, held that a suit could be maintained by the creditor of a national bank in a state court, and that it might be prosecuted after the failure of the bank, without making the receiver a party; that the adjudication of the claim would be conclusive upon the receiver; that in Denton v. Baker, supra, it was held that the receiver was not a necessary party; that in National Bank of the Commonwealth v. Mechanics' Nat. Bank, supra, the Supreme Court has said that claims allowed and adjudicated in a court of competent jurisdiction stood upon the same footing; and that in that case a claim was sustained, although the receiver was not a party. The court then reached the conclusion that, while the receiver was a proper party and was properly admitted to defend, he was not a necessary party; that he succeeded to the interest of the bank, and that his right to defend was no broader than that of the bank itself; and that the bank never had any right of removal.

In Miller v. Le Mars Nat. Bank (C. C.) 116 F. 551, 553, Judge Shiras held that, where suit was brought against a national bank and the receiver in a state court, no right of removal existed in the receiver alone. It had been argued that the bank might be regarded as a nominal party. The court said:

"In fact, the bank is the real and principal party to the controversy declared on in the bill herein filed. The transactions for which relief is sought took place before the appointment of the receiver, and the complainant has the right to seek a decree against the bank, and, therefore, in no just sense can it be said that the bank is a nominal party."

[4] In view of the foregoing decisions, I reach the conclusion that a creditor of an insolvent national bank has the right, under existing statutes, to bring an action against the bank itself in a state court without join-

ing the receiver, and that, while the suit is one to establish the existence and validity of a claim against the bank, it is not, in the absence of the receiver as a named defendant, a case for winding up the affairs of the bank, which it or the receiver can remove to the federal court. This being true, it is apparent that no right existed in the defendants here to remove this case to this court, and that the application to restrain the proceedings in the state court must be denied.

It is difficult to understand why, as a practical matter, a suit in a state court upon a claim against an insolvent national bank should be removable if the receiver is joined, and not removable if he is not joined, when, concededly, the result sought is the same in each case. The receiver may not be a necessary party to the suit as a matter of law, but he is a very necessary party when it comes to the payment of the claims established against the bank. His duty to protect the assets of the insolvent estate is as great in the one case as the other, and his rights and remedies should be the same. The situation appears to be one which might well be called to the attention of Congress.

The application of the defendants is denied.