## BARONS v. FIRST NAT. BANK OF PLAINVILLE, KAN.

District Court D. Kansas, First Division. October 29, 1928.

No. 1149–N.

W. W. Stahl and Ben Jones, both of Lyons, Kan., for plaintiff.

W. K. Skinner, of Stockton, Kan., and Stone, McClure, Webb & Johnson, of Topeka, Kan., for defendant.

McDERMOTT, District Judge. The receiver of the national bank defendant has removed this cause to this court, claiming that the action is one for winding up the affairs of a national bank, and hence removable under section 24 of the Judicial Code (section 41 [16] 28 USCA). A motion to remand has been filed. The facts are:

On December 17, 1927, plaintiff filed this action against the bank alone, seeking a reconveyance by the bank of certain real estate. Proper service was had; answer day was January 16, 1928. No answer was filed. April 2, 1928, a resident corporation intervened, setting up ownership of an oil and gas lease on the real estate, and seeking protection. April 4, 1928, the receiver of the defendant bank voluntarily appeared, set up the failure of the bank, his appointment, and asked to be made a defendant with leave to answer. This was granted, and he was given 30 days to plead. The bank failed after the action was commenced. April 26, removal papers were filed by the receiver.

It will be observed that the plaintiff did not join the receiver, asked no relief against him in his petition, and asks no relief against him now. If the plaintiff joined the receiver, or asked relief against him, the suit is removable. But, just as clearly, the suit is not removable as to the bank alone, and, if the plaintiff is content with relief against the bank alone, the cause is not removable. All the authorities cited by counsel, and more, are reviewed by Judge John B. Sanborn in the opinion in Moulton v. National Farmers' Bank (D. C.) 27 F.(2d) 403.

From the authorities gathered in the Moulton Case, supra, it is apparent that the motion to remand must be sustained. It does not follow, however, that any judgment rendered on the present petition will have any effect on the receiver or affect the title to property in his possession. It should be noted that the Moulton Case, the Wichita Bank Case (C. C. A.) 72 F. 568, and other cited cases were suits for money damages, and the federal statute on National Bank Receiverships expressly binds the receiver to pay "a ratable dividend" out of the moneys in his hands on such claims "as may have been proved to his satisfaction *or* adjudicated in

a court of competent jurisdiction." Title 12, § 194, USCA. The prayer of this petition is not for a claim which the receiver can discharge by "a ratable dividend in money"; primarily the prayer is for the bank to reconvey, and it would appear that the bank has nothing now to convey.

It should be further noted that section 192 (title 12, USCA) provides:

"Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct; and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders. Such receiver shall pay over all money so made to the Treasurer of the United States, subject to the order of the comptroller, and also make report to the comptroller of all his acts and proceedings."

■ As to that part of the prayer of the petition seeking to quiet title, it will be recalled that a court of co-ordinate jurisdiction does not enter decrees affecting the title to property in the possession of a receiver subject to the jurisdiction of another court. Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457.

■ The duties of a receiver of a national bank, under the federal statutes, are twofold: (1) To collect in all the assets of the bank, and convert them into money, with the approval of a court having jurisdiction over him, and pay the proceeds to the Treasurer of the United States. (2) To pay such money out in dividends to such creditors as may have established their claims against the bank, either before the receiver, or in any court with jurisdiction over the bank.

■ The cited cases all fall within (2) above, where courts have a co-ordinate jurisdiction with the receiver to establish claims. The statute does not give any court co-ordinate jurisdiction under (1) above, and no court has so held. It would be quite impracticable to have a dozen courts deciding the rights of the receiver to property in his possession. This case falls within (1) above, and, if the object of the suit is to take property out of the receiver's possession, that can only be accomplished in an ordinary proceeding to reclaim property in the court having jurisdiction over the receiver.

In Earle v. Pennsylvania, 178 U. S. 449, 20 S. Ct. 915, 44 L. Ed. 1146, the state court decreed a personal judgment against the bank, and a specific lien on property in the hands of the receiver. The Supreme Court affirmed the personal judgment, but set aside that part of the decree awarding a lien on specific property. The Supreme Court said:

"We must not, however, be understood as holding that the distribution of the bank's assets in the hands of the receiver could have been in anywise directly controlled by the state court or seized under an attachment or execution in the hands of any state officer. On the contrary, the direction in the statute that the receiver pay over all moneys realized by him from the assets of the bank to the Treasurer of the United States, subject to the order of the Comptroller, furnished a rule of conduct for him which neither an order of nor any proceedings in the state court could affect, modify, or change."

From this it would appear no judgment can be rendered in this action which impairs the title of the receiver; if relief is later sought in this action against the receiver, it will then be removable; if the receiver has property in his possession which belongs to plaintiff, by proper proceedings in a court with jurisdiction over the receiver, the plaintiff may have his rights thereto determined.

The motion to remand is sustained.