## BAILEN v. DEITRICK et al.
### No. 3124.

Circuit Court of Appeals, First Circuit.
June 3, 1936.

Herman Snyder, of Boston, Mass., for appellant.

Brenton K. Fisk, of Boston, Mass. (Andrew J. Aldridge, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a decree of November 20, 1935, of the federal District Court for Massachusetts dismissing the plaintiff's bill in equity on the defendants' motion to dismiss.

The suit in equity was begun in the superior court for Massachusetts on June 28, 1935. The defendants in the action are the Federal National Bank of Boston, a national banking association located there, and Frederick S. Deitrick, the receiver of the bank, whose citizenship and residence is not shown. On the application of the receiver, the bank not joining therein, the cause was removed to the federal District Court, on the ground that the bank was not a necessary party.

After removal, the plaintiff filed a motion to remand the cause to the state court, stating that no federal question was presented by the bill, and that the receiver, who alone had removed the cause, was only a nominal party. At the same time the receiver moved to dismiss the bill for the reason that, upon its face, it appeared to be wholly without equity. The motion to remand was denied, and the motion to dismiss granted.

The first question raised is whether the plaintiff's motion to remand should have been granted; the receiver being the only party to the removal of the cause.

It is the established rule that, where a suit brought in a state court against several defendants is subject to removal and its

removal is applied for, all the defendants who are necessary and not merely nominal parties must be joined in the removal proceedings. Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Gableman v. Peoria, etc., Railway Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220; Consolidated Independent School District v. Cross (D.C.) 7 F.(2d) 491.

Was this cause subject to removal? As it was a suit brought in the Massachusetts state court and involved the winding up of the affairs of a national bank, of which original jurisdiction is conferred upon the District Court [28 U.S.C.A. § 41 (16); Studebaker Corporation v. First National Bank of Florence (D.C.) 10 F.(2d) 590], it was subject to removal under 28 U.S.C.A. § 71, on a proper application, if the defendants were nonresidents of the state in which the action was brought. And if the bill alleged that the amount in controversy exceeded $3,000, exclusive of interest and costs, and disclosed a substantial federal question arising under the Constitution and laws of the United States, it was removable by the defendants whether they were citizens of the state in which the action was brought or not.

It is unnecessary to decide whether the cause was removable on the first rather than the second ground above stated, for in either case, as we shall later point out, we are of the opinion that the bank was a necessary party to the cause and should have been joined in the removal proceeding.

The plaintiff by his bill does not seek to avoid the payment of assessments imposed upon him by the comptroller as a stockholder in the defendant bank, for he alleges that he has paid them, and the defendants' motion, like a demurrer, admits this to be true. What he seeks is to rescind the contracts under which the defendant bank sold him shares of its stock, on the ground of fraud practiced upon him by the bank and its officers, and to have the certificates of stock treated as canceled. The proceeding, therefore, as to these particular matters, is one in which the bank, in the very nature of things, is a necessary party, and if the plaintiff is entitled because of the fraud practiced upon him to a rescission of the contracts of purchase and a cancellation of his stock certificates, he could obtain such relief only by a suit in equity in which the bank, at least, was a party. Lantry v. Wallace, 182 U.S. 536, at page 548, 21 S.Ct. 878, 883, 45 L.Ed. 1218. In that case, the stockholder was sued in an action at law by the receiver of a national bank to recover an assessment on his stock, and in his answer sought to avoid his stock liability by having his contract of purchase rescinded and his stock certificates canceled, and, as a consequence, to be relieved of all responsibility for the payment of assessments as a shareholder of the bank. In discussing the defendant stockholder's position, the court said:

"Clearly such a defense is of an equitable nature, and could not be recognized and sustained except in some proceeding to which *the bank, at least, was a party*. If the defendant was entitled, under the facts stated, to a rescission of his contract of purchase, and to a cancelation of his stock certificate, and consequently to be relieved from all responsibility as a shareholder of the bank, he could obtain such a relief only by a suit in equity to which the *bank* and the *receiver* were parties." (Italics supplied.)

The situation there outlined is like the one set out in the plaintiff's bill, except by his bill the plaintiff is not seeking to avoid his liability to assessment as a stockholder. There the Supreme Court regarded the bank as a necessary party as to the issues of rescission, cancellation, and fraud, and the receiver as a necessary party to the issue of the liability of the stockholder for assessments. The latter issue is not raised here by the plaintiff's bill, and it would seem that the receiver would be a nominal party only. But whether he is a necessary or nominal party is immaterial here on the question of removal, if the bank was a necessary party.

It may be suggested that on the appointment of a receiver the bank ceased to exist and consequently was neither a necessary nor a proper party. But that is not so. It still exists and may sue and be sued as such. Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 400, 20 L.Ed. 840.

In Wichita National Bank v. Smith (C. C.A.) 72 F. 568, the suit was brought by a creditor against an insolvent national bank, the sole defendant, and the claim being adjudicated in the creditor's favor, the adjudication was held conclusive against the receiver although not a par-

ty to the suit. The bank must have been regarded there as a necessary party.

In National Bank of Commonwealth v. Mechanics' National Bank, 94 U.S. 437, 440, 24 L.Ed. 176, the suit was brought by a creditor against an insolvent national bank and the validity of his claim was established by a court of competent jurisdiction. In that case, also, the insolvent bank was the sole defendant.

In Speckert v. German National Bank, 98 F. 151, 154, the Court of Appeals for the Sixth Circuit (Taft, Lurton, and Day), after reviewing decisions of the Supreme Court and of Circuit Courts of Appeal sustaining judgments against a national bank in like cases and showing that the bank in each case was a necessary party to the cause, concluded that the receiver in the case before it was only a proper party to the action and held that "he was in no sense a necessary party, and the action could have been prosecuted without his presence, and the judgment rendered in the action would have been conclusive against him as well as the bank."

What was said in Miller v. Le Mars National Bank (C.C.) 116 F. 551, 553, is directly applicable to the facts in this case:

"But it is suggested that the bank can be treated as a nominal party in this case, and that its presence in the suit can be disregarded when considering the right of removal. It is settled by the rulings of the supreme court in Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476 and First Nat. Bank of Bethel v. National Pahquioque Bank, 14 Wall. 383, 20 L.Ed. 840, that the appointment of a receiver for a national bank does not terminate the legal existence of the bank, and that, under the provisions of the 57th section of the act creating national banks (13 Stat. 99), suits may be brought against the bank, in the state courts, to establish claims against it, and, having this right to sue the bank, it cannot be held that the bank is merely a nominal party upon the record. In fact, the bank is the real and principal party to the controversy declared on in the bill herein filed. The transactions for which relief is sought took place before the appointment of the receiver, and the complainant has the right to seek a decree against the bank, and, therefore, in no just sense can it be said that the bank is a nominal party."

See, also, Town of Fairfax, Okl., v. Ashbrook (D.C.) 3 F.Supp. 345.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to remand to the state court; the plaintiff, appellant, to recover costs in both courts.