## GOODALL WORSTED CO. v. BARDACH et al.

### Nos. 233, 234, Civil.

District Court, D. Maine, S. D.

March 30, 1945.

Burns, Blake & Rich, of Boston, Mass., and Wadleigh B. Drummond and Wm. B. Mahoney, both of Portland, Me., for petitioner Goodall Worsted Co.

David J. Colton, of New York City, and Robinson, Richardson & Leddy, of Portland, Me., for defendants J. Arthur Warner & Co. and May & Gannon.

PETERS, District Judge.

The above entitled proceeding is a petition in equity brought in the Supreme Judicial Court for the State of Maine by the Goodall Worsted Company, a Maine corporation, against May & Gannon, a partnership consisting of individuals residing and doing business in Boston, Massachusetts, and J. Arthur Warner & Co., a partnership consisting of individuals all residents of Greenwich, Connecticut, doing business there, and many other partnerships and individuals, twenty-four in number, all nonresidents of Maine, all stockholders of Goodall Worsted Company, and being all stockholders who dissented at a meeting of the stockholders of said corporation when it was voted to adopt and approve a merger and consolidation agreement involving a sale of all the property and franchises of the corporation.

This petition by the corporation against the dissenting stockholders was brought under and by virtue of the provisions of Revised Statutes of Maine 1930, Chapter 56, Sections 63–74, which provide in substance that when a majority of shareholders vote to sell all the property of a corporation, and a minority of shareholders vote in the negative and file their written dissents with an officer of the corporation, the corporation may enter a petition in the Supreme Judicial Court in equity against the dissenting stockholders, making all dissenting stockholders parties, praying for a valuation of the stock. If the corporation fails to enter such petition, any stockholder may do so. In either case the court determines the value of the stock. Upon

such determination, the corporation is required to deposit the amount of the award in a bank for the use of the stockholders entitled thereto, and the shares of stock of the dissenting minority become the property of the corporation. Any stockholder who does not file his dissent to the action of the majority is deemed to have assented to the vote.

To the petition filed by the Goodall Worsted Company as authorized by this statute, all the defendants answered, admitting the propriety of the proceedings and joining in the prayer to have the stock valued, except May & Gannon and J. Arthur Warner & Company, who answered admitting the allegations of the petition, but alleging that they were taking steps to remove the suit to this court, under the federal statutes, on the grounds of diversity of citizenship.

At the same time bonds were filed by the two firms separately with their separate petitions for removal, and the usual certified copies were filed in this court for the purpose of perfecting the removal. Immediately thereafter the plaintiff in the equity petition, Goodall Worsted Company, filed a motion to remand the suit to the State Court. Hearing has been had on the motion to remand and the question is whether, on the petition of the two parties mentioned, the suit is properly in this court. If not, it must be remanded.

Various objections affecting the removability of a suit of this nature have been made and fully argued. I do not find it necessary, however, to consider the motion from that point of view, because I am of the opinion that the petitioners for removal, in the situation disclosed by the record in the State Court at the time of the petition for removal, had no right to remove the suit independently of and without the joinder of the other defendants in the petition in equity filed in the State Court.

■ In the ordinary removal proceeding, brought under the removal statute, Title 28, U.S.C.A., Section 71, on the ground of diversity of citizenship, with the necessary amount in dispute, all the defendants must join in the petition for removal. The statute says so. The language of the statute is " * * * may be removed * * * by the defendant or defendants therein, being nonresidents of that State."

"It is the established rule that, where a suit brought in a state court against several defendants is subject to removal and its removal is applied for, all the defendants who are necessary and not merely nominal parties must be joined in the removal proceedings." (Cases cited.) Bailen v. Deitrick, 1 Cir., 84 F.2d 375.

■ In the present case all the dissenting stockholders were necessary parties and were properly joined in the equity proceeding begun by the corporation, because the Maine statute requires that they all be so joined.

The only language in the removal statute which can be applicable in a case like this,—all the defendants not joining in the petition for removal,—is the provision that " * * * and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

Each of the two firms initiating proceedings for removal has filed a separate petition for removal, claiming to have a separate controversy with the corporation. If so, there are twenty-six different controversies,—as all the defendants have the same status in the proceeding, according to the record,—except for the fact,—immaterial to the question involved,—that the share ownership differs.

■ The fact is, however, that,—regardless of the number of persons in interest,—there is only one question raised by the pleadings in the State Court. That is the value of the stock per share. That is the only issue. There is only one cause of action, one purpose in bringing the petition, and that is to determine the value of the stock held by the defendants. The corporation and all the defendants are unanimous in asking for such a determination, and when made it affects all parties alike. No evidence can be produced on the trial which does not affect the same issue and the same parties. In such a case the statute does not authorize "any one or more of the defendants" to remove the proceeding. To justify such removal the suit must be capable of separation into different parts. There must arise in the case a separate and distinct cause of action on which a separate and distinct suit might have been brought and complete relief af-

forded without the joinder of all defendants.

 It is the separable and independent nature of different controversies embraced in one suit against several defendants that determines the removability when claimed under the section of the statute above referred to.

"A separable controversy does not exist unless the complaint sets forth several causes of action, one of which is wholly between citizens of different States." Simpkins Federal Practice, 3rd Edition, Section 1084. Cases cited.

The fact that there are several defendants, even if they made separate defenses, or even if they could have been sued separately, is immaterial if there is only one controversy involved.

"The word 'controversy', as used in the Act authorizing the removal of the case where a separable controversy is involved, usually means something less than the whole suit. It contemplates a cause of action included in the suit which can be separated and disentangled therefrom, and if there is only a single cause of action in the suit, there can, of course, be no separable controversy as between the plaintiff and any of the defendants." American Jurisprudence, Vol. 45, Section 74. Cases cited.

The Maine statute under which the action was brought requires all the dissenting stockholders to be joined as defendants in an action by the corporation. The relief asked for could not be granted unless they were all named parties, and for that reason also there could be no separable controversy.

If the relief asked for by the plaintiff and obtainable in the case alleged in his pleadings cannot be granted unless all who are made defendants are parties, there is no separable controversy. Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462.

"In any case where all the defendants are indispensable parties it is obvious that there is no controversy between one of them and the plaintiff which can be fully determined as between them. If there were, such defendant would not be indispensable." Moore's Federal Practice, Vol. 3, Page 3500.

I am unable to find any "separable controversy" here which would authorize these two defendants, either jointly or separately, without the joinder of the other defendants, to remove the proceeding, even if all other requisites were present.

The motion to remand must be granted. An order will be entered accordingly.