Arquelio **ACOSTA OLIVERAS,**
**et al., Plaintiffs,**

v.

**PITTSBURGH CORNING CORP.,**
**et al., Defendants.**

No. Civ. 98–2252(DRD).

United States District Court,
D. Puerto Rico.

Jan. 29, 1999.

Jose M. Urrutia–Velez, Hato Rey, for plaintiffs.

Jose A. Bague–Soto, Rivera Tulla & Ferrer, Hato Rey, PR, James Belk–Arce, Sierra–Serapion, San Juan, PR, Edward M. Borges, San Juan, PR, Hugh B. Bright, Jr., Woolf, McClane, Bright, Allen & Carpenter, PLLC, Knoxville, TN, Francisco G. Bruno–Rovira, McConnell Valdes, San Juan, PR, Alejandro J. Cacho, Reichard & Calaf, San Juan, PR, Ricardo F. Casellas, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Ramon E. Dapena, Goldman Antonetti & Cordova, San Juan, PR, Guillermo DeGuzman–Vendrell, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Antonio Gnocchi–Franco, Hato Rey, PR, Edward A.

Godoy, Feldstein, Gelpi & Gotay, San Juan, PR, for defendants.

### REMAND OPINION AND ORDER

DOMINGUEZ, District Judge.

## I. PROCEDURAL BACKGROUND

Plaintiffs originally filed this action in the Court of First Instance of the Commonwealth of Puerto Rico on April 2, 1998. The complaint asserted various claims for damages suffered as a result of exposure to products containing asbestos. One of these claims was based on the federal Racketeer Influenced and Corrupt Organization Act, ("RICO") 18 U.S.C. §§ 1961–1968. On November 5, 1998 defendant P.P.G. Industries, Inc., filed a Notice of Removal claiming federal question subject matter jurisdiction under RICO. Plaintiffs then moved to remand the case on January 20, 1999. Plaintiffs allege that defendant's Notice of Removal is insufficient under 28 U.S.C. § 1441 since not all co-defendants had jointed the notice; co-defendant Commonwealth of Puerto Rico expressly opposed removal; and that plaintiffs have desisted from the RICO cause of action which gave rise to the removal.

## II. DISCUSSION

Plaintiffs put forth three reasons in favor of remand. First, plaintiffs argue that not all co-defendants joined the Notice of Removal. As a general rule, all defendants must join in a removal petition in order to effect removal. *Chicago, Rock Island, & Pacific Railway Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Bailen v. Deitrick,* 84 F.2d 375, 376 (1st Cir.1936). *See also* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731. ("Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants ..."). The court notes that said requirement only applies to those defendants

that have been served.[1] In the instant case, the court finds that most co-defendants that have been timely served have joined the removal. As such, the court finds that the requirement that all co-defendants join has been substantially complied with. Nevertheless, since the matter of remand is disposed of on other grounds, the court refrains from further discussion on this particular issue.

Plaintiff also argues that the instant action may not be removed since one co-defendant, the Commonwealth of Puerto Rico, expressly opposed removal. The court, however, disagrees with plaintiffs' position because the Commonwealth is a nominal party to this litigation. "Nominal or formal parties need not join in removal." *Shaw v. Dow Brands,* 994 F.2d 364, 369 (7th Cir. 1993); *Bailen,* 84 F.2d at 376 ("all the defendants who are necessary and not merely nominal parties must be joined in the removal proceedings.") A defendant is nominal if there is no reasonable basis for predicting that it will be held liable. *Shaw,* 994 F.2d at 369; *See also Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 872 (5th Cir. 1991) ("The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."). In the instant case, the court considers the Commonwealth of Puerto Rico to have an absolute defense under the Eleventh Amendment. *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.,* 991 F.2d 935, 939 Fn. 3 (1st Cir.1993); *De Leon Lopez v. Corporacion Insular de Seguros,* 931 F.2d 116, 121 (1st Cir.1991); *Ramirez v. Puerto Rico Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983). As such, said co-defendant is held to be a nominal party to this litigation. Removal, therefore, is not warranted under this argument advanced by plaintiff.

Finally, plaintiffs maintain that the federal cause of action under RICO, which gave rise to the removal has dismissed with

---

1. "[A]s may cases have held, defendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder." Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 3d § 3731.

*See also Jones v. Houston Independent School Dist.,* 979 F.2d 1004 (5th Cir.1992); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.,* 395 F.2d 546 (7th Cir.1968).

prejudice. On this argument, plaintiff prevails. Federal jurisprudence is clear that the district court, at its discretion, may retain jurisdiction over a case under Pendent Supplemental (Pendent) Jurisdiction if the federal cause of action is dismissed or discontinued. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Nevertheless, the preferable solution in such cases is to dismiss the without prejudice or to remand to the state court. As the Supreme Court has held in *Gibbs*:

> "[Pendent Jurisdiction's] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. (Citation omitted).

In addition, the First Circuit has noted that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir.1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); *Brough v. United Steelworkers of America*, 437 F.2d 748, 750 (1st Cir.1971); *Strachman v. Palmer*, 177 F.2d 427, 433, 12 A.L.R.2d 687 (1st Cir.1949) ("[f]ederal courts should not be overeager to hold on to the determination of issues that might be more appropriately left to settlement in state court litigation ...,") (Magruder, J., *concurring* ). Because plaintiffs have desisted from the federal cause of action under RICO, which provided defendant the grounds for removal, the district court may only hear the remaining non-federal law claims under the doctrine of Supplemental Jurisdiction. In view of the policies strongly favoring remand, such as comity and judicial economy, the court in its discretion remands the instant case to be adjudicated in the proper forum, the courts of the Commonwealth of Puerto Rico. *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").

WHEREFORE, for the reasons stated above, the court REMANDS the instant action to the Court of First Instance of San Juan, Puerto Rico.